UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X             Civil Action No. 24CV5930

RUBEN DIAZ,
PRADIP SAHA,
RAMENDRA SAHA,                                                     **COLLECTIVE & CLASS**
MAXINE SMITH,                                                      **ACTION COMPLAINT**
JOHNNY RAMIREZ,
MADGY SAAD,
MOZIBUR RAHMAN,
CHRISTOPHER STAVROPOULOS,                                          *Jury Trial Demanded*
ASHIF MIRU,
BISWA SAHA,
SAYOT ALPHONSE,
ALBERTO PRADO,
MAURICE SCHWARTE,
ABELLA BOUALE,
DENZIL HANNAH,
MILAD BARSOUM,

                                            Plaintiffs,
*on behalf of themselves and all others similarly situated*,

                      -against-

LOTTE HOTEL NEW YORK PALACE, LLC, d/b/a Lotte Hotel Palace,

                                            Defendant.

-----------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiffs, complaining of the Defendant by their attorney, David C. Wims, as and for a *Complaint*, allege as follows:

## INTRODUCTORY STATEMENT

1. This is an action at law and in equity, by employees against their employer for unpaid, deducted and/or misappropriated wages, arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; and the New York Labor Law ("NYLL") §§ 652, 191, 193, 195, 196-d and 12 N.Y.C.R.R. § 146 ("NYCRR").

1

2. Plaintiffs seek declaratory relief, permanent injunctive relief, damages and attorneys' fees with costs for Defendant's violations of the FLSA, NYLL and NYCRR.

## JURISDICTION & VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216 and 28 U.S.C. § 2201.  In addition, the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business, contracts with persons and/or entities and is subject to jurisdiction, in this district.

## PARTIES

5. At all times hereinafter mentioned, Plaintiff Ruben Diaz was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendant from 1982 to present.

6. At all times hereinafter mentioned, Plaintiff Pradip Saha was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendant from 1985 to present.

7. At all times hereinafter mentioned, Plaintiff Ramendra Saha was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendant from 1995 to present.

8. At all times hereinafter mentioned, Plaintiff Maxine Smith was a natural person and a resident of the City and State of New York, County of Kings; and an employee of Defendant from 2002 to present.

9. At all times hereinafter mentioned, Plaintiff Johnny Ramirez was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendant from 2002 to present.

10. At all times hereinafter mentioned, Plaintiff Magdy Saad was a natural person and a resident of Edison, New Jersey; and an employee of Defendant from 1998 to present.

11. At all times hereinafter mentioned, Plaintiff Mozibur Rahman was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendant from 1998 to present.

12. At all times hereinafter mentioned, Plaintiff Christopher Stavropoulos was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendant from 2001 to present.

13. At all times hereinafter mentioned, Plaintiff Ashif Miru was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendant from 1998 to present.

14. At all times hereinafter mentioned, Plaintiff Biswa Saha was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendant from 1986 to present.

15. At all times hereinafter mentioned, Plaintiff Sayot Alphonse was a natural person and a resident of the City and State of New York, County of Kings; and an employee of Defendant from 1984 to present.

16. At all times hereinafter mentioned, Plaintiff Alberto Prado was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendant from 1998 to present.

17. At all times hereinafter mentioned, Plaintiff Maurice Schwarte was a natural person and a resident of the City and State of New York, County of Queens; and an employee of Defendant from 1985 to present.

18. At all times hereinafter mentioned, Plaintiff Abella Bouale was a natural person and a resident of the City and State of New York, County of Bronx; and an employee of Defendant from 1997 to present.

19. At all times hereinafter mentioned, Plaintiff Denzil Hannah was a natural person and a resident of Massachusetts; and an employee of Defendant from 1985 to present.

20. At all times hereinafter mentioned, Plaintiff Milad Barsoum was a natural person and a resident of New Jersey; and an employee of Defendant from 1987 to present.

21. At all times hereinafter mentioned, Defendant Lotte Hotel New York Palace, LLC d/b/a Lotte Hotel Palace ("Lotte"), was a Delaware limited liability company authorized to conduct business in New York.  Since 2015, Defendant has operated the New York Palace Hotel ("NYPH").

22. Defendant was and is Plaintiffs' employer and part of an FLSA enterprise affecting interstate commerce, doing business in the hospitality industry in the City and State of New York, County of New York, inter alia.

23. Defendant was also engaged in international commerce and regularly contracted and did business with persons, foreign governments and/or entities outside of the United States. Defendants communicated with said persons, foreign governments and/or entities in other countries via the U.S. mail, telephones, computers and the internet, inter alia.

## FACTS

24. Defendant employed Plaintiffs as full-time, in-room dining servers at NYPH located at 455 Madison Avenue, New York, New York 10022, during the above referenced time periods. During Plaintiffs' respective tenures, Defendant directed and controlled the work performed by Plaintiffs, and the manner in which it was performed by supervision, evaluation and feedback.

25. During said time, Defendant also created and maintained Plaintiff's employment records, issued yearly IRS Form W-2s to Plaintiffs and secured workers' compensation and unemployment insurance coverage for Plaintiffs.

26. Plaintiffs' primary duties were preparing, assembling and serving in-room dining and banquet orders; attending to in-room diners; collecting payment; customer service, manual labor and meal clean-up, inter alia.

27. In exchange for their labor, Defendant paid Plaintiffs: a) hourly wages, b) 'service charges', c) 'butler fees' and d) night shift differential, inter alia.

28. During Plaintiffs' respective tenures, Defendant imposed upon their customers 'service charges', 'butler fees' and 'delivery charges'.

29. The 'service charges' represented a percentage of each sale, ranging from 19% to 23% during Plaintiffs' tenures. The 'butler fees' were hourly rates for labor. The 'delivery charges' were $12.00 for in-room dining orders under $50.00 and $18.00 for in-room dining orders of $50.00 or more.

30. Throughout the tenures of all instant Plaintiffs, Defendant referred to the aforementioned 'service charges', 'butler fees' and 'delivery charges' on receipts, contracts, menus and related documents, thus leading patrons to believe that the charges were gratuities.

31. At all times herein relevant, Defendant failed to take affirmative action to notify their patrons, either verbally or in writing, that these charges were kept by Defendant in part or in whole.

32. Throughout the tenures of all instant Plaintiffs, Defendant failed to pay to Plaintiffs the full amounts of 'service charges' and 'butler fees', by directly or indirectly compelling each Plaintiff to share his or her 'service charges' and 'butler fees' with Defendant, its captains and managers, inter alia. Defendant directly or indirectly demanded and required Plaintiffs to pay portions of their 'service charges' and 'butler fees' to the aforementioned persons or entities, and/or unilaterally deducted the same from Plaintiffs' wages.

33. At all times herein relevant, Defendants retained the 'delivery charges' in their entirety and failed to pay any part thereof to Plaintiffs.

34. During Plaintiffs' respective tenures, Plaintiffs worked approximately 50 hours per week, at Defendant's behest, in order to complete all assigned tasks, including but not limited to Defendant' in-room dining orders, hospitality events and banquets. In the discharge of their duties, Plaintiffs used goods traveling in interstate commerce, including food, utensils, telephones, computers and condiments; and instrumentalities of interstate commerce, including the wires and mails.

35. Throughout the tenures of all instant Plaintiffs, Defendant failed to pay to Plaintiffs time and one-half of their respective 'regular rates' for all hours worked beyond forty (40) per week inasmuch as Defendant excluded the amounts purported to be gratuities/service charges, night shift differentials and/or 'butler fees' from the calculation of Plaintiffs' overtime pay, although the amounts purported to be gratuities/service charges and/or 'butler fees' were

payment for hours worked and Defendant treated those amounts as such and charged their customers sales tax thereon.

36. For example, from 03/18/24-03/24/24, Plaintiff Maxine Smith worked full-time Monday through Friday for a total of 50 hours.  Defendant paid Plaintiff's overtime wages at time and one-half of her hourly rate only, excluding from the calculation thereof the 'service charges', 'butler fees' and night shift differentials.  Defendant thereby failed to pay overtime at time and one-half of the regular rates. (Attached as Exhibit 1).  Defendant also retained all 'delivery charges' that week.

37. For example, from 10/16/23-10/22/23, Plaintiff Mozibur Rahman worked full-time Monday through Friday for a total of 50.5 hours.  Defendant paid Plaintiff's overtime wages at time and one-half of his hourly rate only, excluding from the calculation thereof the service charges, butler fees and night shift differentials.  Defendant thereby failed to pay overtime at time and one-half of the regular rate. (See Exhibit 1).  Defendant also retained all 'delivery charges' that week.

38. For example, from 03/18/24-03/24/24, Plaintiff Denzil Hannah worked full-time Monday through Saturday for a total of 69 hours.  Defendant paid Plaintiff's overtime wages at time and one-half of his hourly rate only, excluding from the calculation thereof the service charges, butler fees and night shift differentials.  Defendant thereby failed to pay overtime at time and one-half of the regular rate. (See Exhibit 1).  Defendant also retained all 'delivery charges' that week.

39. At all times herein relevant, Defendant paid the remaining named Plaintiffs' wages and overtime identically to that of named Plaintiffs Smith, Rahman and Hannah.

40. Throughout the tenures of all instant Plaintiffs, when the length of Plaintiffs' workdays exceeded ten (10) hours, Defendant neglected, failed and/or refused to pay to Plaintiffs the 'spread of hours' under the N.Y.C.R.R.

41. Throughout the tenures of all instant Plaintiffs, Defendant failed to provide Plaintiffs with pay rate notices and wage statements with all required information, such as 'doing business as' name and telephone number.

42. Defendant's conduct was wanton and willful, and was not based on advice of counsel nor guidance from a competent court or governmental agency.

43. Plaintiffs have been damaged in amounts not presently ascertainable and are entitled to full relief as proven at trial.

## COLLECTIVE & CLASS ALLEGATIONS

44. At all times herein relevant, Defendant paid its other non-exempt employees identically to the named Plaintiffs.

45. Plaintiffs bring their FLSA overtime claims on behalf of themselves and all persons who worked for Defendant as non-exempt workers at any time since August 24, 2021 and who worked more than forty (40) hours in any week during that time period ("FLSA Collective").

46. Defendant is liable under the FLSA for failing to pay overtime wages at time and one-half of the 'regular rate' for all hours beyond forty (40) per week. As such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

47. Plaintiffs bring their NYLL claims on behalf of themselves and all persons

8

who worked for Defendant as non-exempt workers at any time since January 18, 2018[1] and who worked more than forty (40) hours in any week during that time period ("Class").

48. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs, and calculation of such number would require facts in the sole control of Defendant, upon information and belief, Defendant had over 200 employees at any particular time during the Class Period.

49. The claims of Plaintiffs are typical of the claims of the Rule 23 Class.

50. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

52. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimus,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

53. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's policies, practices and procedures.

54. Defendant has acted on grounds generally applicable to the FLSA Collective and

---

[1] NYS Governor Cuomo's Executive Order 202.8 tolled all NYS SOL's for 228 days.

Rule 23 Class, thereby making legal, equitable and declaratory relief appropriate for the Collective and Class.

55. There are questions of law and fact common to the Collective and Class which predominate over any questions solely affecting individual members of the Class, including:

A. Whether Defendant failed to pay Plaintiffs, the FLSA Collective and Rule 23 Class their overtime wages at time and one-half of their 'regular rates';

B. Whether Defendant failed to pay Plaintiffs, the FLSA Collective and Rule 23 Class their respective shares of 'service charges', 'butler fees' and 'delivery charges';

C. Whether Defendant failed to pay Plaintiffs, the FLSA Collective and Rule 23 Class their wages in full and without deductions; and

D. Whether Defendant failed to pay Plaintiffs, the FLSA Collective and Rule 23 Class 'spread of hours' when workdays exceeded ten (10) hours.

E. Whether Defendant failed to give Plaintiffs, the FLSA Collective and Rule 23 Class compliant pay rate notices and wage statements.

**FIRST CAUSE OF ACTION: FLSA OVERTIME (29 U.S.C. §§ 207, 216)**
**(On Behalf of Plaintiffs and Collective Members)**

44. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

45. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this *Complaint*.

46. Plaintiffs consent to be parties to this action, pursuant to 29 U.S.C. § 216(b).

47. At all times relevant to this action, Plaintiffs and the Collective were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

48. At all times relevant to this action, Plaintiffs and the Collective were engaged in commerce and Defendant was an employer in an FLSA enterprise engaged in commerce within the meaning of 29 U.S.C. § 207(a).

49. Defendant violated the rights of Plaintiffs and the Collective by failing properly to pay overtime compensation at a rate not less than one and one-half times the regular rates of pay for each hour worked in excess of forty (40) per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

50. Defendant's failure to pay Plaintiffs and the Collective overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

51. Defendant is liable to Plaintiffs and the Collective who opt in to this action for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION: NY OVERTIME (Labor Law §§ 652, 663)**
**(On Behalf of Plaintiffs and Class Members)**

52. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

53. At all times relevant to this action, Plaintiffs were Defendant's employees within the meaning of NYLL § 651(5).

54. At all times relevant to this action, Defendant was the employer of Plaintiffs within the meaning of NYLL § 651(6).

55. At all times relevant to this action, Defendant failed to pay properly Plaintiffs' overtime wages for all hours worked greater than forty (40) per week in violation of NYLL § 652 and 12 N.Y.C.R.R. § 146-1.4.

56. Defendant willfully violated the rights of Plaintiffs by failing to pay overtime wages due and owing for work performed in violation of NYLL.

57. Due to Defendant's NYLL violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**THIRD CAUSE OF ACTION: NY GRATUITIES (Labor Law §§ 196-d, 198)**
**(On Behalf of Plaintiffs and Class Members)**

58. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

59. At all times relevant to this action, Plaintiffs were Defendant's employee within the meaning of NYLL § 190(3).

60. At all times relevant to this action, Defendant was the employer of Plaintiffs within the meaning of NYLL § 190(2).

61. At all times relevant to this action, Defendant failed to pay properly and in full Plaintiffs' 'service charges', 'butler fees' and/or 'delivery charges' in violation of NYLL § 196-d.

62. Defendant willfully violated the rights of Plaintiffs by failing to pay properly and in full Plaintiffs' 'service charges', 'butler fees' and/or 'delivery charges' in violation of NYLL.

63. Due to Defendant's NYLL violations, Plaintiffs are entitled to recover from Defendant their unpaid 'service charges', 'butler fees' and/or 'delivery charges', reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 198.

**FOURTH CAUSE OF ACTION: NY WAGES (Labor Law §§ 191, 198)**
**(On Behalf of Plaintiffs and Class Members)**

64. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

65. At all times relevant to this action, Plaintiffs were Defendant's employee within the meaning of NYLL § 190(3).

66. At all times relevant to this action, Defendant was the employer of Plaintiffs within the meaning of NYLL § 190(2).

67. At all times relevant to this action, Defendant failed to pay Plaintiff's wages in full in violation of NYLL § 191 and N.Y.C.R.R. § 146-1.6.

68. Defendant willfully violated the rights of Plaintiffs by failing to pay Plaintiff's wages in violation of NYLL § 191 and N.Y.C.R.R. § 146-1.6.

69. Due to Defendant's NYLL violations, Plaintiffs are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 198 and N.Y.C.R.R. § 146-1.6.

**FIFTH CAUSE OF ACTION: NY WAGE DEDUCTIONS (Labor Law §§ 193, 198)**
**(On Behalf of Plaintiffs and Class Members)**

70. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

71. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of NYLL § 190(3).

72. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of NYLL § 190(2).

73. At all times relevant to this action, Defendant deducted from Plaintiffs' wages in violation of NYLL § 193.

74. Defendant willfully violated the rights of Plaintiffs by deducting from Plaintiffs' wages in violation of NYLL § 193.

75. Due to Defendant's NYLL violations, Plaintiffs are entitled to recover from Defendant their deducted wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 198.

**SIXTH CAUSE OF ACTION: NY WAGE THEFT (Labor Law §§ 195, 198)**
**(On Behalf of Plaintiffs and Class Members)**

76. Plaintiffs repeat the foregoing paragraphs in their entirety.

77. Defendant failed to provide Plaintiffs with pay rate notices and wage statements with each wage payment that contained all required information, such as hourly and overtime pay rates, hours worked, overtime hours worked, employer's DBA name, employer's telephone number, etc.

78. As a result of the foregoing, Defendant violated NYLL §§ 195(1) and (3) and Plaintiffs are entitled to recover from Defendant for the duration of said violations.

79. By reason of the aforesaid statutory violation, Defendant is liable to Plaintiffs.

14

80. Defendant willfully violated the rights of Plaintiffs by the aforementioned course of action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be permitted to give notice of this collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as non-exempt employees, worked more than forty (40) hours in any week during said period and received 'service charges', 'butler fees' and/or night shift differential. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and/or overtime wages;

B. An award of wages and unpaid overtime, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 216 and New York Labor Law §§ 663 and 198;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216 and NYLL §§ 663 and 198;

D. Certification of this case as a collective action pursuant to 29 U.S.C. § 216 and a class action pursuant to FRCP 23;

E. Designation of Plaintiffs as representatives of the Collective and Class, and counsel of record as Collective and Class Counsel; and

F. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and/or the NYLL.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiffs demand a trial by jury on all questions of fact.

Dated: Brooklyn, New York

August 24, 2024

_____/s/_____
LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq. (DW-6964)
*Attorneys for Plaintiffs*
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

**EXHIBIT 1**

**EXHIBIT 1**





**Earnings Statement** 

LOTTE HOTEL NEW YORK PALACE LLC
455 MADISON AVE
NEW YORK NY 10022

| | |
|---|---|
| Period Beginning: | 10/16/2023 |
| Period Ending: | 10/22/2023 |
| Pay Date: | 10/26/2023 |

Taxable Marital Status: ███
Exemptions/Allowances:
   Federal: 2
   NY: 2
   New York Cit: 2

MD M RAHMAN
███

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 19.5012 | 40.00 | 780.05 | 23,094.98 |
| Overtime | 29.2518 | 10.50 | 307.14 | 2,436.73 |
| Butler Fee | | | 696.02 | 39,236.13 |
| Night Diff | | | 6.89 | 172.04 |
| Room Svc Chg | | | 2,104.04 | 64,608.74 |
| Holiday | | | | 1,764.11 |
| Personal | | | | 1,216.08 |
| Quarter Hours | | | | 849.12 |
| Retro | | | | 152.01 |
| Retro Ot | | | | 249.39 |
| Sick | | | | 3,080.20 |
| Spread Of Hrs | | | | 50.75 |
| Vacation | | | | 7,648.50 |
| **Gross Pay** | | | **$3,894.14** | 144,558.78 |

| Other | this period | year to date |
|---|---|---|
| Checking 1 | -2,086.20 | |
| **Net Check** | **$0.00** | |

\* Excluded from federal taxable wages

Your federal taxable wages this period are $3,115.31

| Deductions | | | |
|---|---|---|---|
| Statutory | | | |
| Federal Income Tax | | -405.89 | 15,368.81 |
| Social Security Tax | | -241.43 | 8,962.64 |
| Medicare Tax | | -56.46 | 2,096.10 |
| NY State Income Tax | | -175.89 | 6,558.73 |
| New York Cit Income Tax | | -120.23 | 4,382.21 |
| NY Paid Family Leave Ins | | | 399.43 |
| Other | | | |
| Union | | -29.21 | 1,264.72 |
| 401K Union | | -778.83* | 28,911.75 |
| Assessmnt Mthly | | | 20.00 |
| **Net Pay** | | **$2,086.20** | |

© 2000 ADP, Inc.

LOTTE HOTEL NEW YORK PALACE LLC
455 MADISON AVE
NEW YORK NY 10022

| | |
|---|---|
| Advice number: | 00000430391 |
| Pay date: | 10/26/2023 |

THIS IS NOT A CHECK

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| MD M RAHMAN | xxxx███ | xxxx xxxx | $2,086.20 |

**NON-NEGOTIABLE**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 120 |
|---|---|---|---|---|---|
| LHH | 006023 | 233253 | | 0000130383 | 1 |

SEQ 000456

LOTTE HOTEL NEW YORK PALACE LLC
455 MADISON AVE
NEW YORK NY 10022

## Earnings Statement 

Period Beginning: 03/18/2024
Period Ending: 03/24/2024
Pay Date: 03/28/2024

Filing Status: ▇▇▇▇
Exemptions/Allowances:
  Federal: Standard Withholding Table

DENZIL HANNAH

**Earnings**

| | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 19.5012 | 32.00 | 624.04 | 7,205.68 |
| Overtime | 29.2518 | 37.00 | 1,082.32 | 2,603.42 |
| Butler Fee | | | 7,729.82 | 12,876.53 |
| Night Diff | | | 27.54 | 197.88 |
| Room Svc Chg | | | 4,374.64 | 17,340.45 |
| Spread Of Hrs | | | 29.00 | 79.75 |
| Holiday | | | | 1,248.08 |
| Personal | | | | 624.04 |
| Sick | | | | 1,248.08 |
| Vacation | | | | 312.02 |
| **Gross Pay** | | | **$13,867.36** | 43,735.93 |

Your federal taxable wages this period are $12,480.62

**Additional Tax Withholding Information**
Taxable Marital Status:
NY: ▇▇▇▇
Exemptions/Allowances:
NY: 0

**Deductions**

Statutory
| | this period | year to date |
|---|---|---|
| Federal Income Tax | -3,032.24 | 5,981.16 |
| Social Security Tax | -859.78 | 2,711.63 |
| Medicare Tax | -201.08 | 634.17 |
| NY State Income Tax | -909.34 | 2,386.93 |

Other
| | this period | year to date |
|---|---|---|
| Union | -29.21 | 379.73 |
| 401K Union | -1,386.74* | 4,373.61 |
| Assessmnt Mthly | | 6.00 |

| Net Pay | $7,448.97 |
|---|---|
| Checking 1 | -7,448.97 |
| **Net Check** | **$0.00** |

* Excluded from federal taxable wages

---

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

LOTTE HOTEL NEW YORK PALACE LLC
455 MADISON AVE
NEW YORK NY 10022

Advice number: 00000130383
Pay date: 03/28/2024

**THIS IS NOT A CHECK**

Deposited to the account of
DENZIL HANNAH

account number: xxxxx▇▇▇▇
transit ABA: xxxx xxxx
amount: $7,448.97

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK - HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT